UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------

IN RE:                                        )          CHAPTER 7
                                              )
RAYMOND W. McLAUGHLIN,                        )          Case No. 14-22334 (ASD)
                                              )
             DEBTOR                           )

---------------------------------------------------------

RAYMOND W. McLAUGHLIN,                        )
                                              )
             PLAINTIFF,                       )          ADV. P. No.  15-2005
                                              )
v.                                            )
                                              )
CITIMORTGAGE, INC., AND                       )
HUNT LEIBERT JACOBSON, P.C.,                  )          RE: ECF No. 1
                                              )
             DEFENDANTS                       )

---------------------------------------------------------

**BRIEF MEMORANDUM ORDER DISMISSING ADVERSARY PROCEEDING**

**WHEREAS** on July 2, 2014, in a prior bankruptcy case, Case No. 14-20920,[1] filed

by Raymond W. McLaughlin (hereinafter, the "Debtor-Plaintiff"), this Court, after notice and

a hearing, upon CitiMortgage, Inc.'s (hereinafter, "CitiMortgage") *Motion for Relief From the*

*Automatic Stay* (hereinafter, the "Motion"), ECF No. 13, Case No. 14-20920, entered an

*Order Granting Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362 and*

*Fed. R. Bankr. P. 4001(a)* (hereinafter, the "Relief Order"), ECF No.24, *Case No. 14-*

*20920,* modifying the automatic stay of §362(a) (hereinafter, the "Automatic Stay")

pursuant to §362(d) to permit CitiMortgage, and or its successors and assigns, to:

           commence, continue and prosecute to judgment a foreclosure action and

---

[1]On August 29, 2014, Case No. 14-20920, was dismissed upon the Motion of the Chapter 7
Trustee due to the Debtor-Plaintiff's failure to attend and testify at three (3) scheduled Section 341
meetings. *See* ECF Nos. 41 (Motion) & 52 (Order), Case No. 14-20920.

otherwise exercise its rights, if any, with respect to real property known as 36 Heather Drive, East Hartford, Connecticut 06118 (hereafter, the "Real Estate"), in accordance with applicable state law . . . .

The Relief Order further ordered, *inter alia*:

that the Connecticut Superior Court may grant any relief it deems appropriate in the pending foreclosure action with respect to the Real Estate, including, without limitation, entering a new judgment of foreclosure, authorizing and/or directing a foreclosure auction (or any other disposition of the Real Estate), determining the amount of any deficiency, and entering an appropriate judgment and/or order thereon; provided, however, that Movant shall not pursue collection or enforcement of any such deficiency judgment or claim against the Debtor or any of the property of the Debtor's bankruptcy estate (other than the Real Estate) without further order of this Bankruptcy Court, and

. . . that this Order may be recorded in the East Hartford Land Records and shall be binding in any other case under title 11 of the United States Code purporting to affect the Real Estate filed within two years after the entry of this Order. *See* 11 U.S.C. §362(d)(4). The filing of a petition under Section 301, 302, or 303 of the Bankruptcy Code shall not operate as a stay of the Foreclosure Action or the transfer of title to, and/or the equity of redemption in, the Real Estate under state law. *See Id.*; 11 U.S.C. § 362(b)(20). Accordingly, no matter whether the Debtor or any other person or persons files a bankruptcy petition in the two years following entry of this Order, the automatic stay will not go into effect with respect to the Real Estate. *See Id.* Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording. *See* 11 U.S.C. § 362(d)(4).

. . . that the that the 14-day stay of Fed. R. Bankr. P. 4001(a)(3) is not applicable and the Movant may immediately enforce and implement this Order.

and

**WHEREAS** after commencing on December 5, 2014, the instant bankruptcy case,

Case No. 14-22334, the Debtor-Plaintiff commenced on January 14, 2015, the instant

Adversary Proceeding, Adv. P. No. 15-2005, filing that same date in the Adversary

Proceeding a *Motion for Emergency Injunction and Temporary Restraining Order*

(hereinafter, the "Emergency Motion"), ECF No. 3, and

**WHEREAS** the Adversary Proceeding and the Emergency Motion are based upon an assertion that the Automatic Stay as applicable to the Real Estate was triggered by the filing of the instant bankruptcy case, and that CitiMortage and Hunt Leibert Jacobson, P.C. violated the Automatic Stay by filing a Certificate of Foreclosure related to the Real Estate on the East Hartford, Connecticut Land Records, and by continuing to prosecute a foreclosure action and related ejectment with respect to the Real Estate in the Connecticut Superior Court.

Based upon the files and records of the instant case and Adversary Proceeding, and the Debtor-Plaintiff's prior case, Case No. 14-20920, including, *inter alia*, the aforementioned Relief Order, all judicially noticed herein, the Court

**FINDS AND DETERMINES** that

(i) the commencement of Case No. 14-22334 did not trigger the Automatic Stay as to the Real Estate;

(ii) the Relief Order has not been vacated or otherwise modified;

(iii) there is no basis in law or fact for the relief sought by the Debtor-Plaintiff in Adversary Proceeding No. 15-2005, or the Emergency Motion filed therein; and

(iv) that the filing and prosecution of the Adversary Proceeding and Emergency Motion constitute an abuse of process,[2]

in accordance with which:

**IT IS HEREBY ORDERED** pursuant to §105(a) that this Adversary Proceeding is

---

[2]The Debtor-Plaintiff's history as an abusive litigant is well documented in the Motion and a lengthy decision of United States District Judge Mark R. Kravitz cited therein, *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201 (2010) incorporated herein by reference. *See also McLaughlin v. CitiMortgage, Inc.*, 2010 WL 3037810 (D. Conn. Aug. 4,2010) (dismissing case with prejudice).

**DISMISSED** as to all Defendants.

Dated: January 14, 2015                                    BY THE COURT


Albert S. Dabrowski
United States Bankruptcy Judge